**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHELLE RZANCA, as Personal Representative for the ESTATE OF JORDAN D. FIELD,

Plaintiff individually and on behalf of all similarly situated persons,

v.

COREWELL HEALTH and DCM SERVICES, LLC,

Defendants.

Case No. 2:26-cv-11692-MFL-KGA

HON. MATTHEW F. LEITMAN

**COREWELL HEALTH'S ANSWER AND AFFIRMATIVE DEFENSES TO <u>PLAINTIFF'S CLASS ACTION COMPLAINT</u>**

Defendant Corewell Health (hereinafter referred to as "<u>Defendant</u>" or "<u>Corewell</u>"), states the following as and for its Answer and Affirmative Defenses to the Class Action Complaint ("Complaint") filed by Plaintiff, Michelle Rzanca, as Personal Representative for the Estate of Jordan D. Field, individually and on behalf of all other similarly situated ("<u>Plaintiff</u>"):

## <u>INTRODUCTION</u>

1. Answering paragraph 1 of Plaintiff's Complaint, Defendant admits only that Plaintiffs brought the current action. Defendant denies specifically that it

engaged in any practice of asserting and/or collecting medical debts that are not owed and denies the remainder of the allegations.

2. Answering paragraph 2 of Plaintiff's Complaint, Defendant states that these allegations contain legal conclusions of the pleader to which no response is required. To the extent further answer is required, Defendant admits only that it submits and accepts payments generally from insurers, group health plans, Medicare, or Medicaid, and may accept reduced payments under negotiated agreements. Defendant neither admits nor denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

3. Answering paragraph 3 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

4. Answering paragraph 4 of Plaintiff's Complaint, Defendant neither admits nor denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

5. Answering paragraph 5 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

6. Answering paragraph 6 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

7. Answering paragraph 7 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

8. Answering paragraph 8 of Plaintiff's Complaint, Defendant admits that it uses debt collection agencies, including DCM Services[1], to collect unpaid debts. Defendant neither admits nor denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

9. Answering paragraph 9 of Plaintiff's Complaint, Defendant admits the allegations.

10. Answering paragraph 10 of Plaintiff's Complaint, Defendant admits only that Plaintiff brings this lawsuit; however, denies that it is entitled to the relief requested.

## JURISDICTION AND VENUE

11. Answering paragraph 11 of Plaintiff's Complaint, Defendant states that these allegations contain legal conclusions of the pleader to which no response is required. To the extent further answer is required, Defendant admits that Plaintiff asserts a claim under the Fair Debt Collection Practices Act, but neither admits nor denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

[1] Unless otherwise provided, capitalized terms in this Answer and Affirmative Defenses will have the same meaning as set forth in the Class Action Complaint, ECF No. 1.

12. Answering paragraph 12 of Plaintiff's Complaint, Defendant states that these allegations contain legal conclusions of the pleader to which no response is required. To the extent further answer is required, Defendant neither admits nor denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

13. Answering paragraph 13 of Plaintiff's Complaint, Defendant states that these allegations contain legal conclusions of the pleader to which no response is required. To the extent further answer is required, Defendant neither admits nor denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

14. Answering paragraph 14 of Plaintiff's Complaint, Defendant states that these allegations contain legal conclusions of the pleader to which no response is required. To the extent further answer is required, Defendant neither admits nor denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

## PARTIES

15. Answering paragraph 15 of Plaintiff's Complaint, Defendant neither admits nor denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

16. Answering paragraph 16 of Plaintiff's Complaint, Defendant admits that Jordan Field received medical services as an emergency patient of Corewell Health Butterworth Hospital in March 2024 and died in the hospital. Defendant neither admits nor denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

17. Answering paragraph 17 of Plaintiff's Complaint, Defendant states that these allegations contain legal conclusions of the pleader to which no response is required. To the extent further answer is required, Defendant neither admits nor denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

18. Answering paragraph 18 of Plaintiff's Complaint, Defendant refers to its bills for the exact amounts it charged for medical services provided to Jordan Field. To the extent further response is necessary, Defendant admits the allegations.

19. Answering paragraph 19 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

20. Answering paragraph 20 of Plaintiff's Complaint, Defendant admits only that it claimed that the Field Estate owed a debt of $42,160.70. Defendant denies the remainder of the allegations as untrue.

21. Answering paragraph 21 of Plaintiff's Complaint, Defendant admits only that it referred the debt at issue to DCM. Defendant denies the remainder of the allegations as untrue.

22. Answering paragraph 22 of Plaintiff's Complaint, Defendant admits the allegations.

23. Answering paragraph 23 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

24. Answering paragraph 24 of Plaintiff's Complaint, Defendant denies the allegations and further clarifies that it is a nonprofit corporation.

25. Answering paragraph 25 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

26. Answering paragraph 26 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

## FACTUAL ALLEGATIONS

27. Answering paragraph 27 of Plaintiff's Complaint, Defendant admits the allegations.

28. Answering paragraph 28 of Plaintiff's Complaint, Defendant admits the allegations as true and further clarifies that this is the case only when the claim is accepted by the third-party payer.

29. Answering paragraph 29 of Plaintiff's Complaint, Defendant admits the allegations as true in the general case and further clarifies that this is the case only when the claim is accepted by the third-party payer.

30. Answering paragraph 30 of Plaintiff's Complaint, Defendant admits the allegations as true in the general case and further clarifies that this is the case only when the claim is accepted by the third-party payer.

31. Answering paragraph 31 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

32. Answering paragraph 32 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

33. Answering paragraph 33 of Plaintiff's Complaint, Defendant admits only that it has a payment contract with BCBS and the contract set payment rates for covered medical services. Defendant denies that BCBS made payments on the contract rates in full satisfaction for the medical services and the patient owed nothing and the remainder of the allegations.

34. Answering paragraph 34 of Plaintiff's Complaint, Defendant refers to the referenced written contract for its content and meaning and denies as untrue any allegations inconsistent with that document. To the extent further response is necessary, Defendant neither admits nor denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

35. Answering paragraph 35 of Plaintiff's Complaint, Defendant refers to the referenced written contract for its content and meaning and denies as untrue any allegations inconsistent with that document. To the extent further response is necessary, Defendant neither admits nor denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

36. Answering paragraph 36 of Plaintiff's Complaint, Defendant admits only that it billed $61,609.62 for the emergency medical services. Defendant denies the remainder of the allegations as untrue, specifically that it accepted $19,448.92 from BCBS as payment for those services.

37. Answering paragraph 37 of Plaintiff's Complaint, Defendant neither admits nor denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

38. Answering paragraph 38 of Plaintiff's Complaint, Defendant neither admits nor denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

39. Answering paragraph 39 of Plaintiff's Complaint, Defendant admits that it asserted that the Field Estate owed a $42,160.70 debt for the unpaid balance, but denies the remainder of the allegations as untrue.

40. Answering paragraph 40 of Plaintiff's Complaint, Defendant refers to the referenced letter for its content and meaning and denies as untrue any allegations inconsistent with that document. To the extent further response is necessary, Defendant admits that it represented that the Field Estate owed a hospital balance, but denies the remainder of the allegations as untrue.

41. Answering paragraph 41 of Plaintiff's Complaint, Defendant admits the allegations.

42. Answering paragraph 42 of Plaintiff's Complaint, Defendant refers to the referenced letter for its content and meaning and denies as untrue any allegations inconsistent with that document. To the extent further response is necessary, Defendant admits that it represented that the Field Estate owed a hospital balance, but denies the remainder of the allegations as untrue.

43. Answering paragraph 43 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

44. Answering paragraph 44 of Plaintiff's Complaint, Defendant refers to the referenced letter for its content and meaning and denies as untrue any allegations inconsistent with that document. To the extent further response is necessary, Defendant admits that it represented that the Field Estate owed a hospital balance, but denies the remainder of the allegations as untrue.

45. Answering paragraph 45 of Plaintiff's Complaint, Defendant refers to the referenced letter for its content and meaning and denies as untrue any allegations inconsistent with that document. To the extent further response is necessary, Defendant admits the allegations.

46. Answering paragraph 46 of Plaintiff's Complaint, Defendant refers to the referenced letter for its content and meaning and denies as untrue any allegations inconsistent with that document. To the extent further response is necessary, Defendant admits that it represented that the Field Estate owed a hospital balance, but denies the remainder of the allegations as untrue.

47. Answering paragraph 47 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

48. Answering paragraph 48 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

49. Answering paragraph 49 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

50. Answering paragraph 50 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

51. Answering paragraph 51 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

**CLASS ACTION ALLEGATIONS**

52. Answering paragraph 52 of Plaintiff's Complaint, Defendant admits only that Plaintiffs seek to certify a class action in this lawsuit. Defendant denies that Plaintiffs can meet the requirements to certify a class action. Defendant denies the balance of the allegations contained in this paragraph.

53. Answering paragraph 53 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

54. Answering paragraph 54 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

55. Answering paragraph 55 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

56. Answering paragraph 56 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

57. Answering paragraph 57 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

58. Answering paragraph 58 of Plaintiff's Complaint, Defendant neither admits nor denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

## CLAIMS FOR RELIEF

## COUNT I – UNJUST ENRICHMENT

59. Defendant restates and incorporates all preceding responses as if fully set forth herein.

60. Answering paragraph 60 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

61. Answering paragraph 61 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

62. Answering paragraph 62 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

63. Answering paragraph 63 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

64. Answering paragraph 64 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

## COUNT II – STATUTORY CONVERSION (MICH. COMP. LAWS § 600.2919a)

65. Defendant restates and incorporates all preceding responses as if fully set forth herein.

66. Answering paragraph 66 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

67. Answering paragraph 67 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

68. Answering paragraph 68 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

69. Answering paragraph 69 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

70. Answering paragraph 70 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

71. Answering paragraph 71 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

72. Answering paragraph 72 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

73. Answering paragraph 73 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

74. Answering paragraph 74 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

## COUNT III – FRAUD IN THE INDUCEMENT

75. Defendant restates and incorporates all preceding responses as if fully set forth herein.

76. Answering paragraph 76 of Plaintiff's Complaint, Defendant admits that it represented to Plaintiff that certain medical charges were due and owing to Defendant.

77. Answering paragraph 77 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

78. Answering paragraph 78 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

79. Answering paragraph 79 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

80. Answering paragraph 80 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

81. Answering paragraph 81 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

## COUNT IV – FEDERAL DEBT COLLECTION PRACTICES ACT

82. Defendant restates and incorporates all preceding responses as if fully set forth herein.

83. Answering paragraph 83 of Plaintiff's Complaint, Defendant states that these allegations are not asserted against Corewell. Notwithstanding,

Defendant neither admits nor denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

84. Answering paragraph 84 of Plaintiff's Complaint, Defendant states that these allegations are not asserted against Corewell. Notwithstanding, these allegations contain a statement of law to which no response is required.

85. Answering paragraph 85 of Plaintiff's Complaint, Defendant states that these allegations are not asserted against Corewell. Notwithstanding, these allegations contain a statement of law to which no response is required.

86. Answering paragraph 86 of Plaintiff's Complaint, Defendant states that these allegations are not asserted against Corewell. Notwithstanding, Defendant neither admits nor denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

87. Answering paragraph 87 of Plaintiff's Complaint, Defendant states that these allegations are not asserted against Corewell. Notwithstanding, Defendant refers to the referenced written letter for its content and meaning and denies as untrue any allegations inconsistent with that document.

88. Answering paragraph 88 of Plaintiff's Complaint, Defendant states that these allegations are not asserted against Corewell. Notwithstanding, Defendant denies the allegations as untrue.

89. Answering paragraph 89 of Plaintiff's Complaint, Defendant states that these allegations are not asserted against Corewell. Notwithstanding, Defendant denies the allegations as untrue.

90. Answering paragraph 90 of Plaintiff's Complaint, Defendant states that these allegations are not asserted against Corewell. Notwithstanding, Defendant denies the allegations as untrue.

91. Answering paragraph 91 of Plaintiff's Complaint, Defendant states that these allegations are not asserted against Corewell. Notwithstanding, Defendant denies the allegations as untrue.

92. Answering paragraph 92 of Plaintiff's Complaint, Defendant states that these allegations are not asserted against Corewell. Notwithstanding, Defendant denies the allegations as untrue.

## COUNT V – MICHIGAN FAIR DEBT COLLECTION PRACTICES ACT (MICH. COMP. LAWS §§ 339.901 et seq.)

93. Defendant restates and incorporates all preceding responses as if fully set forth herein.

94. Answering paragraph 94 of Plaintiff's Complaint, Defendant states that these allegations are legal conclusions of the pleader to which no response is required. To the extent further answer is required, Defendant denies the allegations as untrue.

95. Answering paragraph 95 of Plaintiff's Complaint, Defendant states that these allegations are legal conclusions of the pleader to which no response is required.

96. Answering paragraph 96 of Plaintiff's Complaint, Defendant states that these allegations are legal conclusions of the pleader to which no response is required. To the extent further response is required, Defendant neither admits nor denies these allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

97. Answering paragraph 97 of Plaintiff's Complaint, Defendant refers to the referenced written letter for its content and meaning and denies as untrue any allegations inconsistent with that document.

98. Answering paragraph 98 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

99. Answering paragraph 99 of Plaintiff's Complaint, Defendant states that these allegations are legal conclusions of the pleader to which no response is required. To the extent further response is required, Defendant denies that it misrepresented any amount due.

100. Answering paragraph 100 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

101. Answering paragraph 101 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

**COUNT VI – MICHIGAN CONSUMER PROTECTION ACT (MICH. COMP. LAWS §§ 445.901 et seq.)**

102. Defendant restates and incorporates all preceding responses as if fully set forth herein.

103. Answering paragraph 103 of Plaintiff's Complaint, Defendant states that these allegations are legal conclusions of the pleader to which no response is required. To the extent further answer is required, Defendant denies the allegations as untrue.

104. Answering paragraph 104 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

105. Answering paragraph 105 of Plaintiff's Complaint, Defendant admits the allegations.

106. Answering paragraph 106 of Plaintiff's Complaint, Defendant admits the allegations.

107. Answering paragraph 107 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

108. Answering paragraph 108 of Plaintiff's Complaint, states that these allegations are legal conclusions of the pleader to which no response is required.

To the extent further response is required, Defendant denies that it misrepresented any amount due.

109. Answering paragraph 109 of Plaintiff's Complaint, Defendant denies the allegations.

110. Answering paragraph 110 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

111. Answering paragraph 111 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

**COUNT VII – THIRD PARTY BENEFICIARY BREACH**

112. Defendant restates and incorporates all preceding responses as if fully set forth herein.

113. Answering paragraph 113 of Plaintiff's Complaint, Defendant states that these allegations contain legal conclusions of the pleader to which no response is required. To the extent further answer is required, Defendant admits only that it submits and accepts payments generally from insurers, group health plans, Medicare, or Medicaid, and may accept reduced payments under negotiated agreements. Defendant neither admits nor denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

114. Answering paragraph 114 of Plaintiff's Complaint, Defendant denies that such third-party payers issue payment in every case and may deny requests for payment for various reasons.

115. Answering paragraph 115 of Plaintiff's Complaint, Defendant states that these allegations contain legal conclusions of the pleader to which no response is required. To the extent further answer is required, Defendant neither admits nor denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

116. Answering paragraph 116 of Plaintiff's Complaint, Defendant states that these allegations contain legal conclusions of the pleader to which no response is required. To the extent further answer is required, Defendant neither admits nor denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

117. Answering paragraph 117 of Plaintiff's Complaint, Defendant states that these allegations contain legal conclusions of the pleader to which no response is required. To the extent further answer is required, Defendant neither admits nor denies the remainder of the allegations for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

118. Answering paragraph 118 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

119. Answering paragraph 119 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

**COUNT VIII – CONCERT OF ACTION**

120. Defendant restates and incorporates all preceding responses as if fully set forth herein.

121. Answering paragraph 121 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

122. Answering paragraph 122 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

123. Answering paragraph 123 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

124. Answering paragraph 124 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

**COUNT IX – DECLARATORY AND INJUNCTIVE RELIEF**

125. Defendant restates and incorporates all preceding responses as if fully set forth herein.

126. Answering paragraph 126 of Plaintiff's Complaint, Defendant admits only that a controversy exists and denies the remainder of the allegations as untrue.

127. Answering paragraph 127 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

128. Answering paragraph 128 of Plaintiff's Complaint, Defendant admits the allegations.

129. Answering paragraph 129 of Plaintiff's Complaint, Defendant states that these allegations contain legal conclusions of the pleader to which no response is required.

130. Answering paragraph 130 of Plaintiff's Complaint, Defendant states that these allegations contain legal conclusions of the pleader to which no response is required.

131. Answering paragraph 131 of Plaintiff's Complaint, Defendant denies the allegations as untrue.

WHEREFORE Defendant respectfully requests this Court dismiss Plaintiffs' Complaint and award Defendant its costs, expenses, interest and attorneys' fees, and any and all further relief in favor of Defendant this Court deems just under the circumstances.

## AFFIRMATIVE DEFENSES

Defendant, through its undersigned counsel, asserts the following affirmative and other defenses to the Class Action Complaint. By identifying the defenses set forth below, Defendant does not concede that it bears the burden of proving each defense. Defendant's burdens will be determined as a matter of law.

Defendant states that it lacks sufficient knowledge and information to form a belief as to the truth of the numerous allegations contained in Plaintiff's Complaint, and therefore denies all such allegations, and until it avails itself of appropriate discovery, it cannot determine whether any or all of the Affirmative and/or Special Defenses will be asserted before or at trial. In order to preserve Defendant's right to assert the affirmative defenses, and to avoid any waiver, they are set forth herein. Defendant reserves the right to assert Affirmative and/or Special Defenses that may become apparent during the course of discovery.

1. Plaintiffs fail to allege a claim upon which relief may be granted.

2. Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction under 28 U.S.C. § 1332(d).

3. Plaintiffs fail to establish Article III standing, given Plaintiffs have failed to allege concrete, particularized, actual or imminent injury.

4. Plaintiff's claims fail and should be dismissed for failing to allege the requisite elements of their claims, including failing to allege an unjust enrichment or adequate damages under the law.

5. Plaintiff's claims are or may be barred because the insurance payer alleged in the underlying complaint denied Plaintiff's underlying claim, thus Plaintiff owed the amount direct to Defendant.

6. Plaintiff's claims should have been brought in arbitration pursuant to an applicable agreement between the parties.

7. Plaintiff's claims are or may be barred because of lack of consideration.

8. Plaintiff's claims are or may be barred and fail, in whole or in part, because of pre-existing duties.

9. Plaintiff and the putative classes' claims are or may be barred and fail, in whole or in part, because Plaintiff was not an anticipated third-party beneficiary.

10. Plaintiffs and the putative classes' claims are or may be barred and fail, in whole or in part, because there was no inequity.

11. Plaintiffs and the putative classes' claims are or may be barred and fail, in whole or in part, because there was no benefit conferred.

12. Plaintiff's claims, in whole or in part, should be dismissed because there is no valid underlying contract.

13. Plaintiffs and the putative classes' claims are or may be barred and fail, in whole or in part, due to the doctrines of laches, unclean hands and/or estoppel.

14. Plaintiff and the putative classes' claims are or may be barred and fail, in whole or in part, because Plaintiff failed to properly perform their duties under the alleged contract(s) and agreement(s) at issue.

15. Plaintiff and the putative classes' claims are or may be barred and fail, in whole or in part, because Plaintiff's purported claims for remedies and/or damages are barred and/or limited by contract.

16. Plaintiff and the putative classes' claims are or may be barred and fail, in whole or in part, due to an intervening or superseding cause.

17. Plaintiffs and the putative classes' claims are or may be barred and fail, in whole or in part, due to the economic loss doctrine and/or the separate but distinct doctrine.

18. Plaintiffs and the putative classes' claims are or may be barred and fail, in whole or in part, due to Plaintiff's failure to mitigate their alleged damages, which are not admitted.

19. Plaintiff's and the putative classes' claims are or may be barred and fail, in whole or in part, because Plaintiff's claims and any claimed liability or damages are eliminated and/or limited by the terms of agreements between Plaintiffs and Defendant.

20. Plaintiff's and the putative classes' claims are or may be barred and fail, in whole or in part, through their own actions or inactions.

21. Plaintiff's claims are or may be barred, in whole or in part, by the applicable statute of limitations and/or contractual limitations period to bring a claim.

22. Plaintiff's fraud in the inducement claim fails because Plaintiff has not pled fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

23. Plaintiff's claims are or may be barred and fail, in whole or in part, because Defendant is not a "debt collector" or "collection agency" within the meaning of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6), or the Michigan Fair Debt Collection Practices Act, M.C.L. § 339.901.

24. Plaintiff's claims are or may be barred and fail, in whole or in part, because Defendant acted in good faith in the reasonable belief that its billing and collection practices were lawful.

25. Plaintiff's claims are or may be barred and fail, in whole or in part, because the alleged debt was valid and legally owed by Plaintiff.

26. Plaintiff's claims are or may be barred and fail, in whole or in part, due to waiver, release, ratification, and/or voluntary payment.

27. Plaintiff's claims are or may be barred and fail, in whole or in part, because of accord and satisfaction.

28. Plaintiff's conversion claim is or may be barred and fails, in whole or in part, because conversion does not lie for the collection or recovery of money.

29. Plaintiff's unjust enrichment claim is or may be barred and fails, in whole or in part, because an express contract governs the subject matter of the dispute.

30. Plaintiff's claims fail because Plaintiff cannot establish that Defendant made any false, deceptive, or misleading representations.

31. Plaintiff's claims are or may be barred and fail, in whole or in part, because Plaintiff cannot establish detrimental reliance on any alleged misrepresentation.

32. Plaintiff's claims fail because the alleged insurance payments did not constitute payment in full for all medical services provided.

33. Plaintiff's claims are or may be barred and fail, in whole or in part, because Defendant's conduct complied with all applicable federal and state laws.

34. Plaintiff's concert of action claim is or may be barred and fails, in whole or in part, because there was no tortious act by either Defendant and/or no agreement between Defendants to commit a tortious act.

35. Defendant hereby gives notice to Plaintiffs that until Defendant avails itself of its right to discovery, it cannot determine whether the above-stated affirmative and other defenses will be asserted at trial, but in order to preserve its rights to assert the above-stated defenses and to avoid waiver of any defense, it has asserted the defenses herein. Defendant reserves the right to modify its affirmative

and other defenses and/or add such other defenses that may become known through the course of its investigation and discovery in this civil action.

Dated: July 20, 2026,

Respectfully Submitted,

*/s/ Michael G. Latiff*
Michael G. Latiff (P51263)
Mark W. Steiner (P78817)
McDonald Hopkins PLC
39533 Woodward Avenue, Suite 318
Bloomfield Hills, Michigan 48304
mlatiff@mcdonaldhopkins.com
msteiner@mcdonaldhopkins.com
*Counsel for Corewell Health*

**CERTIFICATE OF SERVICE**

I certify that on July 20, 2026 I filed the foregoing document with the Clerk of the Court by using the Court's E-Filing System which will send notification to all counsel of record.

Dated: July 20, 2026,

Respectfully Submitted,

*/s/ Michael G. Latiff*

Michael G. Latiff (P51263)
Mark W. Steiner (P78817)
McDonald Hopkins PLC
39533 Woodward Avenue, Suite 318
Bloomfield Hills, Michigan 48304
mlatiff@mcdonaldhopkins.com
msteiner@mcdonaldhopkins.com
*Counsel for Corewell Health*