**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| **MICHELLE RZANCA, ET AL.,** | § | |
| | § | |
| **Plaintiff(s),** | § | |
| | § | |
| **v.** | § | **Case No. 2:26-cv-11692-MFL-KGA** |
| | § | |
| **COREWELL HEALTH, ET AL.,** | § | |
| | § | |
| **Defendant(s).** | § | |

**DEFENDANT DCM SERVICES, LLC'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant DCM Services, LLC ("DCM"), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Class Action Complaint filed by plaintiff, Michelle Rzanca ("plaintiff"), and states as follows:

## INTRODUCTION

1. DCM admits plaintiff filed this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, but denies any violations, liability, damages, or wrongdoing under the law. Except as specifically admitted, DCM denies the allegations in ¶ 1.

2. The allegations in ¶ 2 are not directed at DCM. To the extent a response is required, DCM denies the allegations in ¶ 2 as calling for a legal conclusion and for lack of knowledge or information sufficient to form a belief therein.

3. The allegations in ¶ 3 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 3 for lack of knowledge or information sufficient to form a belief therein.

4. The allegations in ¶ 4 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 4 for lack of knowledge or information sufficient to form a belief therein.

5. The allegations in ¶ 5 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 5, as inferring wrongdoing in the instant case.

## PARTIES

6. The allegations in ¶ 6 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 6, as inferring wrongdoing in the instant case.

7. The allegations in ¶ 7 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 7, as inferring wrongdoing in the instant case.

8. DCM admits the allegations in ¶ 8 as to DCM only.

9. DCM admits only that it attempts to collect balances for Corewell Health. Except as specifically admitted, the allegations in ¶ 9 are denied.

10. DCM denies the allegations in ¶ 10.

## JURISDICTION AND VENUE

11. Upon information and belief, DCM admits this Court has jurisdiction. Except as specifically admitted, DCM denies the allegations in ¶ 11.

12. DCM denies the allegations in ¶ 12 for lack of knowledge or information sufficient to form a belief therein.

13. DCM denies the allegations in ¶ 13 as calling for a legal conclusion.

14. Upon information and belief, DCM admits venue is proper. Except as expressly admitted, DCM denies the allegations in ¶ 14.

## PARTIES

15. DCM admits plaintiff filed this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., but denies any violations, liability, damages, or wrongdoing under the law. Except as specifically admitted, DCM denies the allegations in ¶ 15.

16. DCM admits plaintiff, Jordan Field, a Michigan resident, received services from Corewell Health, but denies any violations, liability, damages, or wrongdoing under the law. Except as specifically admitted, DCM denies the allegations in ¶ 16.

17. DCM denies the allegations in ¶ 17 as calling for a legal conclusion.

18. The allegations in ¶ 18 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 18, as written.

19. The allegations in ¶ 19 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 19, upon information and belief.

20. The allegations in ¶ 20 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 20, upon information and belief.

21. DCM admits Corewell referred the debt in the name of Field's Estate for collection, but denies any violations, liability, damages, or wrongdoing under the law. Except as specifically admitted, DCM denies the allegations in ¶ 21.

22. DCM admits Defendant, DCM Services has sent written communications representing that $42,160.70 is owed by the Field Estate, but denies any violations, liability, damages, or wrongdoing under the law. Except as specifically admitted, DCM denies the allegations in ¶ 22.

23. DCM denies the allegations in ¶ 23.

24. The allegations in ¶ 24 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 24 for lack of knowledge or information sufficient to form a belief therein.

25. DCM denies the allegations in ¶ 25 as calling for a legal conclusion.

26. DCM admits the allegations in ¶ 26.

## FACTUAL ALLEGATIONS

27. The allegations in ¶ 27 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 27 for lack of knowledge or information sufficient to form a belief therein.

28. The allegations in ¶ 28 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 28 for lack of knowledge or information sufficient to form a belief therein.

29. The allegations in ¶ 29 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 29 for lack of knowledge or information sufficient to form a belief therein.

30. The allegations in ¶ 30 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 30 for lack of knowledge or information sufficient to form a belief therein.

31. The allegations in ¶ 31 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 31 for lack of knowledge or information sufficient to form a belief therein.

## DEFENDANTS' ACTS TO COLLECT FROM THE ESTATE OF JORDAN FIELD

32. The allegations in ¶ 32 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 32 for lack of knowledge or information sufficient to form a belief therein.

33. The allegations in ¶ 33 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 33 for lack of knowledge or information sufficient to form a belief therein.

34. The allegations in ¶ 34 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 34 for lack of knowledge or information sufficient to form a belief therein.

35. The allegations in ¶ 35 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 35 for lack of knowledge or information sufficient to form a belief therein.

36. The allegations in ¶ 36 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 36, upon information and belief.

37. DCM denies the allegations in ¶ 37 for lack of knowledge or information sufficient to form a belief therein.

38. The allegations in ¶ 38 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 38 for lack of knowledge or information sufficient to form a belief therein.

39. The allegations in ¶ 39 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 39, upon information and belief.

40. The allegations in ¶ 40 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 40, upon information and belief.

41. DCM admits the allegations in ¶ 41.

42. The letter dated November 1, 2024 and received by the Field Estate, speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 42 state otherwise, denied.

43. DCM denies the allegations in ¶ 43.

44. The allegations in ¶ 44 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 44, upon information and belief.

45. The letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 45 state otherwise, denied.

46. The letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 46 state otherwise, denied.

47. DCM denies the allegations in ¶ 47.

48. The allegations in ¶ 48 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 48 for lack of knowledge or information sufficient to form a belief therein.

49. DCM admits Corewell refers accounts to DCM. Except as specifically admitted, DCM denies the allegations in ¶ 49.

50. DCM denies the allegations in ¶ 50.

51. DCM denies the allegations in ¶ 51.

## CLASS ACTION ALLEGATIONS

52. DCM admits plaintiff purports to bring this action as a class action, but DCM denies any violations, liability, damages or wrongdoing under the law or that plaintiff can meet the requirements of Fed. R. Civ. P. 23. Except as specifically admitted, DCM denies the allegations in ¶ 52.

53. DCM admits plaintiff purports to bring this action as a class action, but DCM denies any violations, liability, damages or wrongdoing under the law or that plaintiff can meet the requirements of Fed. R. Civ. P. 23. Except as specifically admitted, DCM denies the allegations in ¶ 53.

54. DCM admits plaintiff purports to bring this action as a class action, but DCM denies any violations, liability, damages or wrongdoing under the law or that plaintiff can meet the requirements of Fed. R. Civ. P. 23. Except as specifically admitted, DCM denies the allegations in ¶ 54.

55. DCM admits plaintiff purports to bring this action as a class action, but DCM denies any violations, liability, damages or wrongdoing under the law or that plaintiff can meet the requirements of Fed. R. Civ. P. 23. Except as specifically admitted, DCM denies the allegations in ¶ 55.

56. DCM admits plaintiff purports to bring this action as a class action, but DCM denies any violations, liability, damages or wrongdoing under the law or that plaintiff can meet the requirements of Fed. R. Civ. P. 23. Except as specifically admitted, DCM denies the allegations in ¶ 56.

57. DCM admits plaintiff purports to bring this action as a class action, but DCM denies any violations, liability, damages or wrongdoing under the law or that plaintiff can meet the requirements of Fed. R. Civ. P. 23. Except as specifically admitted, DCM denies the allegations in ¶ 57.

58. DCM admits plaintiff purports to bring this action as a class action, but DCM denies any violations, liability, damages or wrongdoing under the law or that plaintiff can meet the requirements of Fed. R. Civ. P. 23. Except as specifically admitted, DCM denies the allegations in ¶ 58.

## COUNT I – UNJUST ENRICHMENT

59. DCM reasserts the foregoing as if fully stated herein.

60. DCM denies the allegations in ¶ 60.

61. DCM denies the allegations in ¶ 61.

62. DCM denies the allegations in ¶ 62.

63. DCM denies the allegations in ¶ 63, as inferring wrongdoing.

64. DCM denies the allegations in ¶ 64.

**COUNT II – STATUTORY CONVERSION (MICH. COMP. LAWS § 600.2919a)**

65. DCM reasserts the foregoing as if fully stated herein.

66. DCM denies the allegations in ¶ 66.

67. DCM denies the allegations in ¶ 67.

68. DCM denies the allegations in ¶ 68.

69. DCM denies the allegations in ¶ 69.

70. DCM denies the allegations in ¶ 70.

71. DCM denies the allegations in ¶ 71.

72. DCM denies the allegations in ¶ 72.

73. DCM denies the allegations in ¶ 73.

74. DCM denies the allegations in ¶ 74.

**COUNT III – FRAUD IN THE INDUCEMENT**

75. DCM reasserts the foregoing as if fully stated herein.

76. DCM denies the allegations in ¶ 76.

77. DCM denies the allegations in ¶ 77.

78. DCM denies the allegations in ¶ 78.

79. DCM denies the allegations in ¶ 79.

80. DCM denies the allegations in ¶ 80.

81. DCM denies the allegations in ¶ 81.

## COUNT IV – FEDERAL DEBT COLLECTION PRACTICES ACT (FDCPA) (AGAINST DEFENDANT DCM)

82. DCM reasserts the foregoing as if fully stated herein.

83. DCM denies the allegations in ¶ 83 as calling for a legal conclusion.

84. FDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 84 state otherwise, denied.

85. DCM denies the allegations in ¶ 85 as calling for a legal conclusion.

86. DCM admits DCM used interstate commerce and the mails in its business of collecting debts on behalf of others. Except as specifically admitted, DCM denies the allegations in ¶ 86.

87. DCM admits Defendant DCM represented to Plaintiff class members that they owed certain amounts to Defendant Corewell Health. Except as specifically admitted, DCM denies the allegations in ¶ 87.

88. DCM denies the allegations in ¶ 88.

89. DCM denies the allegations in ¶ 89.

90. DCM denies the allegations in ¶ 90.

91. DCM denies the allegations in ¶ 91.

92. DCM denies the allegations in ¶ 92.

**COUNT V – MICHIGAN FAIR DEBT COLLECTION PRACTICES ACT (MICH. COMP. LAWS §§ 339.901 et seq.)**

93. DCM reasserts the foregoing as if fully stated herein.

94. DCM denies the allegations in ¶ 94 as calling for a legal conclusion.

95. MFDCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 95 state otherwise, denied.

96. DCM denies the allegations in ¶ 96 for lack of knowledge or information sufficient to form a belief therein.

97. DCM admits Defendants represented to Plaintiff class members that they owed certain amounts to Defendant Corewell Health. Except as specifically admitted, DCM denies the allegations in ¶ 97.

98. DCM denies the allegations in ¶ 98.

99. DCM admits the allegations in ¶ 99, but denies any violations, liability, damages, or wrongdoing under the law. Except as specifically admitted, DCM denies the allegations in ¶ 99.

100. DCM denies the allegations in ¶ 100.

101. DCM denies the allegations in ¶ 101.

**COUNT VI – MICHIGAN CONSUMER PROTECTION ACT (MICH. COMP. LAWS §§ 445.901 et. seq.)**

102. DCM reasserts the foregoing as if fully stated herein.

103. MCPA speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 103 state otherwise, denied.

104. DCM admits Defendants in the course of trade or commerce, represented to Plaintiff class members that certain obligations were due and owing. Except as specifically admitted, DCM denies the allegations in ¶ 104.

105. DCM admits plaintiff purports to bring this action as a class action, but DCM denies any violations, liability, damages or wrongdoing under the law or that plaintiff can meet the requirements of Fed. R. Civ. P. 23. Except as specifically admitted, DCM denies the allegations in ¶ 105.

106. DCM admits plaintiff purports to bring this action as a class action, but DCM denies any violations, liability, damages or wrongdoing under the law or that plaintiff can meet the requirements of Fed. R. Civ. P. 23. Except as specifically admitted, DCM denies the allegations in ¶ 106.

107. DCM denies the allegations in ¶ 107.

108. DCM admits the allegations in ¶ 108, but denies any violations, liability, damages, or wrongdoing under the law. Except as specifically admitted, DCM denies the allegations in ¶ 108.

109. DCM denies the allegations in ¶ 109.

110. DCM denies the allegations in ¶ 110.

111. DCM denies the allegations in ¶ 111.

## COUNT VII – THIRD PARTY BENEFICIARY BREACH

112. DCM reasserts the foregoing as if fully stated herein.

113. The allegations in ¶ 113 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 113 for lack of knowledge or information sufficient to form a belief therein.

114. The allegations in ¶ 114 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 114 for lack of knowledge or information sufficient to form a belief therein.

115. The allegations in ¶ 115 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 115 for lack of knowledge or information sufficient to form a belief therein.

116. The allegations in ¶ 116 are not directed at DCM. To the extent a response is required, DCM denies the allegations in ¶ 116 as calling for a legal conclusion. The allegations in ¶ 116 are not directed towards DCM. To the extent a response is required, DCM denies the allegations in ¶ 116 for lack of knowledge or information sufficient to form a belief therein.

117. The allegations in ¶ 117 are not directed at DCM. To the extent a response is required, DCM denies the allegations in ¶ 117 as calling for a legal conclusion.

118. DCM denies the allegations in ¶ 118.

119. DCM denies the allegations in ¶ 119.

## COUNT VIII – CONCERT OF ACTION

120. DCM reasserts the foregoing as if fully stated herein.

121. DCM denies the allegations in ¶ 121.

122. DCM denies the allegations in ¶ 122.

123. DCM denies the allegations in ¶ 123.

124. DCM denies the allegations in ¶ 124.

**COUNT IX – DECLARATORY AND INJUNCTIVE RELIEF**

125. DCM reasserts the foregoing as if fully stated herein.

126. DCM denies the allegations in ¶ 126.

127. DCM admits plaintiff filed this action for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, but denies any violations, liability, damages, or wrongdoing under the law. Except as specifically admitted, DCM denies the allegations in ¶ 127.

128. DCM denies the allegations in ¶ 128, as written.

129. DCM denies the allegations in ¶ 129.

130. DCM denies the allegations in ¶ 130.

131. DCM denies the allegations in ¶ 131.

**AFFIRMATIVE DEFENSES**

AND NOW, in further Answer to the Class Action Complaint, DCM Services, LLC avers as follows:

1. Pursuant to 15 U.S.C. § 1692k(c), to the extent any violations are established, any such violations were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. DCM Services, LLC denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of DCM Services, LLC's purported violations.

3. One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4. Assuming that plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

5. Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than DCM Services, LLC and was beyond the control or supervision of DCM Services, LLC or for whom DCM Services, LLC was and is not responsible or liable.

6. Plaintiff has failed to state a claim against DCM Services, LLC upon which relief may be granted.

7. Plaintiff has not incurred an injury in fact, and Plaintiff does not therefore have standing under Article III of the United States Constitution to bring the instant claims.

8. Plaintiff's claims should have been brought in arbitration pursuant to an applicable agreement

9. Plaintiff and the putative classes' claims are or may be barred and fail, in whole or in part, because Plaintiff was not an anticipated third-party beneficiary.

10. Plaintiff's fraud in the inducement claim fails because Plaintiff has not

11. pled fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, DCM Services, LLC respectfully requests that plaintiff's lawsuit be dismissed with prejudice, and for all other general and equitable relief.

Date: July 20, 2026

Respectfully Submitted,

*/s/ Michael D. Alltmont*
Michael D. Alltmont
SESSIONS, ISRAEL & SHARTLE, LLC
3838 N. Causeway Blvd., Ste. 2800
Metairie, LA 70002
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
Email: malltmont@sessions.legal

*Attorney for Defendant,*
*DCM Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2026, a copy of the foregoing was electronically filed with the Clerk of the Court, United States District Court for the Eastern District of Michigan, and served via CM/ECF upon the following:

Robert J Buchanan
BUCHANAN FIRM
452 Ada Dr. SE, Suite 300
Ada, MI 49301
Telephone: (616) 458-2464
Facsimile: (616) 458-0608
rjb@buchananfirm.com
Attorney for Plaintiffs

Michael G. Latiff (P51263)
Mark W. Steiner (P78817)
McDonald Hopkins PLC
39533 Woodward Avenue, Suite 318
Bloomfield Hills, Michigan 48304
mlatiff@mcdonaldhopkins.com
msteiner@mcdonaldhopkins.com
*Counsel for Corewell Health*

*/s/ Michael D. Alltmont*
Michael D. Alltmont